UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ELI POORMAN,<br><br>Defendant. | CR 24-50115<br>**AMENDED**<br>PLEA AGREEMENT |

The Defendant, the Defendant's attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendant's attorney with the Defendant's knowledge and consent. The Agreement is as follows:

**A.   ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDERSTANDING OF MAXIMUM PENALTIES:** The Defendant has been fully advised of the applicable statutory and constitutional rights, the charges and allegations, and the potential penalties in this matter. The Defendant understands that information and further understands that signing this Plea Agreement waives certain statutory and constitutional rights which would otherwise apply, including the rights contained in Rule 410 of the Federal Rules of Evidence. The Defendant understands and agrees that this Plea Agreement, including the written Factual Basis Statement; any statements made by the Defendant during plea discussions; any guilty plea entered pursuant to this Plea



Agreement; and any statements made by the Defendant in a proceeding related to this Plea Agreement are admissible against the Defendant even if those plea discussions did not result in a guilty plea, or the Defendant later fails or refuses to enter a guilty plea, or the Court does not accept this Plea Agreement. The Defendant understands and agrees that the Defendant's waiver of Rule 410 rights does not end, even if this Plea Agreement is voided by the United States pursuant to paragraph D (*infra*) or any court.

**B.     PLEA AGREEMENT PROCEDURE – DISMISSAL OF COUNTS - NO RIGHT TO WITHDRAW PLEA IF COURT REJECTS RECOMMENDATIONS:** The United States and the Defendant agree that this Plea Agreement is presented to the Court pursuant to Rules 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, which, among other things, authorizes the United States to move for dismissal of other charges under Rule 11(c)(1)(A) and to make recommendations or agree not to oppose the Defendant's request for a particular sentence under Rule 11(c)(1)(B). Such agreements and recommendations are not binding on the Court, and the Defendant may not withdraw a plea of guilty if the Court rejects the agreements or recommendations of the type specified in Rule 11(c)(1)(B).

**C.     PLEA OF GUILTY TO SUPERSEDING INFORMATION – WAIVER OF INDICTMENT - DISMISSAL OF OTHER CHARGES:** The Defendant will waive Indictment in this case and plead guilty to a Superseding Information charging Attempted Receipt of Child Pornography, a violation of 18 U.S.C. §

2

2252A(a)(2)(A). The charge carries a mandatory minimum sentence of 5 years' imprisonment and a maximum sentence of 20 years' imprisonment, a $250,000 fine, or both, and a period of supervised release of not less than 5 years up to life. If the Defendant is found to have violated any condition of his supervised release, he may be incarcerated for an additional term not less than 5 years. of up to 2 years BS for each violation with some exceptions. If the Defendant commits a new felony violation of chapter 109A (sexual abuse), chapter 110 (sexual exploitation and other abuse of children), chapter 117 (transportation for illegal sexual activity and related crimes), section 1201 (kidnaping), or section 1591 (sex trafficking of children or by force, fraud, or coercion), while on supervised release, he may be incarcerated for a mandatory minimum term of 5 years up to life for each violation. There is a $100 assessment to the victims' assistance fund, and a $5,000 assessment unless the Court finds the Defendant indigent. Restitution may also be ordered. The payment is due at the time of sentencing or will otherwise be part of the judgment. Restitution may also be ordered.

Upon acceptance of the plea by the Court and the imposition of sentence, this provision shall be treated as a motion to dismiss the Indictment as it pertains to the Defendant, pursuant to the terms of this Plea Agreement.

**D.    VIOLATION OF TERMS AND CONDITIONS:** The Defendant acknowledges and understands that this Plea Agreement shall become voidable at the discretion of the United States if the Defendant violates the terms of this

3

Plea Agreement, engages in any further criminal activity or fails to appear for sentencing. If so, the Defendant will face the following consequences:

(1)     All testimony and other information the Defendant has provided at any time to attorneys or employees of the United States, law enforcement officers, the Court, or a grand jury, may and will be used against the Defendant in any prosecution or proceeding.

(2)     The United States will be entitled to reinstate previously dismissed charges, to pursue additional charges against the Defendant, and to use any information obtained directly or indirectly from the Defendant in those additional prosecutions.

(3)     The United States will be released from any obligations, agreements, or restrictions imposed upon it under this Plea Agreement.

**E.     ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that based upon the information known to it at this time, the Defendant is entitled to a two-level decrease in the offense level pursuant to U.S.S.G. § 3E1.1(a) as long as:

A. No evidence is disclosed in the presentence report which indicates the Defendant has failed to demonstrate a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct, and

B. The Defendant (1) complies with the terms of this Plea Agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the presentence investigation; (4) does not violate

4

any conditions of pretrial detention or release after signing this Agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

F.    **TIMELY ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that the Defendant has timely notified authorities of this plea thereby permitting the United States and the Court to allocate their resources efficiently. Therefore, if the offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is 16 or greater and the Defendant also qualifies for a two-level decrease under U.S.S.G. § 3E1.1(a), this provision shall be treated at the sentencing hearing as a motion pursuant to U.S.S.G. § 3E1.1(b) to decrease the offense level by one additional level.

G.    **JOINT RECOMMENDATION REGARDING SENTENCE – TERM OF YEARS – NO RIGHT TO WITHDRAW PLEA IF COURT REJECTS RECOMMENDATION:** The Defendant and the United States understand and agree that the Court will determine the applicable Guidelines range after reviewing the presentence report and considering any evidence or arguments submitted at the sentencing hearing. Regardless of the applicable Guidelines range, the United States and the Defendant both agree that they shall jointly recommend that the Court impose a sentence of 5 years of imprisonment. The Defendant and the Defendant's attorney are bound to this recommendation, specifically agree that 5 years is sufficient but not greater than necessary to

achieve the purposes of 18 U.S.C. § 3553(a)(2) and may not argue for a lesser sentence. The parties agree that this section of the Plea Agreement will serve as a joint motion for an upward variance or downward variance, if either is necessary to give effect to this Agreement. The parties understand that this joint recommendation is not binding on the Court. The Defendant further understands that this plea of guilty may not be withdrawn if the Court rejects this recommendation.

**H.    MONETARY OBLIGATIONS - DEFENDANT'S ONGOING DUTY:** The Defendant agrees, if requested by the United States, to promptly return an executed Authorization to Release Financial Records and Documents, current earnings statements, copies of W-2s and an executed Financial Disclosure Statement. The Defendant understands that this is an ongoing duty which begins upon execution of this Plea Agreement and continues until such time as payment of any financial obligation is remitted in full.

The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of any financial obligations imposed as part of the sentence in this case. The Defendant expressly authorizes the United States Attorney's Office to obtain credit reports on the Defendant prior to judgment.

The Defendant also agrees that if incarcerated, the Defendant will participate in the Bureau of Prisons' Inmate Financial Responsibility Program during any period of incarceration in order to pay any financial obligations

6

*EP*

ordered by the Court. The Defendant's agreement to participate in the Inmate Financial Responsibility Program does not limit the United States' right to pursue collection from other available sources. The Defendant understands and agrees that financial obligations as ordered by the Court apply while serving at a Residential Reentry Center or while serving custody on home confinement. If there is no period of incarceration ordered, the Defendant agrees that payment of any financial obligations ordered by the Court shall be a condition of probation.

**I.    FEDERAL CRIME VICTIMS' FUND ASSESSMENT:** The Defendant agrees to remit to the U.S. Clerk of Court payment of the Federal Crime Victims' Fund assessment in the amount of $100, pursuant to 18 U.S.C. § 3013. The payment is due at the time of sentencing or will otherwise be part of the judgment.

**J.    RESTITUTION – AGREEMENT TO PAY – AMOUNT CERTAIN:** The Defendant agrees to pay restitution in the amount of $95 to the South Dakota Internet Crimes Investigation Fund, established by S.D.C.L. § 1-11-36. The parties specifically agree that the Court has authority to order that this restitution be paid to any because it has been "agreed to by the parties in a plea agreement," pursuant to 18 U.S.C. § 3663(a)(3).

**K.    RESERVING THE RIGHT TO PRESENT EVIDENCE AND ARGUMENT:** The United States reserves the right to present evidence and argument and to rebut or clarify any sentencing issue with evidence and



argument, including matters set forth in the presentence investigation report, matters raised by the Defendant in mitigation of the sentence, or matters raised by the Court.

**L.    SEX OFFENDER REGISTRATION:** The Sex Offender Registration and Notification Act, a federal law, requires that the Defendant must register and keep the registration current in each of the following jurisdictions: where the Defendant resides; is an employee; or is a student.

Registration requires providing the Defendant's name, residence address, and the names and addresses of any places where the Defendant will be an employee or a student, among other information. The requirement to keep the registration current includes informing at least one jurisdiction in which the Defendant resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The Defendant has been advised and understands the obligations imposed by the Sex Offender Registration and Notification Act and knows that failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**M.    AGREEMENT TO FORFEIT PROPERTY:** The Defendant agrees to forfeit all interest in one Samsung Galaxy XCover Pro SM-G715U1 cellular phone with IMEI 357496655415940, (hereinafter referred to as "the property"). For the limited purposes of this forfeiture agreement, the Defendant acknowledges that

8



the property was used in the offense to which the Defendant is pleading guilty. The Defendant agrees to hold the United States, its agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the property.

The Defendant further agrees to waive all interest in the property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to consent to the entry of orders of forfeiture for the property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges and understands that the forfeiture of the property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps necessary to pass clear title to the property to the United States, including, but not limited to, surrender of title, the signing of a consent decree, agreeing to facts regarding the transfer and

9

basis for the forfeiture, executing deed or title transfers, and signing any other documents necessary to effectuate such transfers.

**N.     UNDERSTANDING REGARDING FIREARMS:** The Defendant understands that upon the Court's acceptance of the plea, the Defendant stands convicted of a felony and thus, it is illegal for the Defendant to possess any firearms or ammunition for firearms.

**O.     BASIS FOR PLEA OF GUILTY:** The Defendant agrees that the Factual Basis Statement, signed by the parties and incorporated herein by this reference, provides the basis for the guilty plea in this case, and is a true and accurate statement of the Defendant's actions or omissions and that the Court may rely thereon in determining the basis for the plea of guilty as provided for in this Plea Agreement.

**P.     WAIVER OF SPEEDY TRIAL:** The Defendant agrees to waive any rights to a speedy trial under either the United States Constitution or the Speedy Trial Act. This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing. The Defendant understands and agrees that this waiver remains in effect even if the plea is later withdrawn or the United States voids this Agreement based on the Defendant's violation of its terms.

**Q.     PARTIES BOUND:** It is further understood and agreed that this Agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this Agreement cannot and does not bind other federal, state, or local prosecuting authorities.

10



**R.** **SCOPE OF AGREEMENT:** This Agreement shall include any attachments, exhibits, or supplements designated by the parties. It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this Agreement, and this Agreement supersedes any earlier or other understanding or Agreement.

**S.** **WAIVER OF DEFENSES AND APPEAL RIGHTS:** The Defendant hereby waives all defenses and rights to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the United States Sentencing Guidelines as well as the length of sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a). Claims that the Defendant's counsel rendered constitutionally ineffective assistance are also excluded from this waiver.

**T.** **SUPPLEMENT TO PLEA AGREEMENT:** The United States will file a Supplement to Plea Agreement which is required to be filed in every case in compliance with the Court's Local Rules.

11



**U.    NOTICE TO DEFENDANT – OFFER AUTOMATICALLY EXPIRES:**

The United States is extending this offer to the Defendant at this time in order to allow the Defendant sufficient time to evaluate the available options. This offer will automatically expire if the case gets within 30 days of the scheduled trial date without the Defendant accepting it.

RONALD A. PARSONS, JR.
United States Attorney

10/23/2025
Date

HEATHER KNOX
Assistant United States Attorney
515 9th Street, Suite 201
Rapid City, SD 57701
Telephone: (605) 342-7822
Facsimile: (605) 342-1108
E-Mail: Heather.Knox@usdoj.gov

APPROVED:
RONALD A. PARSONS, JR.
United States Attorney By:

BENJAMIN PATTERSON
Supervisory Assistant U.S. Attorney

10-14-25
Date

ELI POORMAN
Defendant

Oct 14, 2025
Date

GREG ERLANDSON
Attorney for Defendant

12